*1042 On the Merits.
LAND, J.
The case is stated in our opinion on the motion to dismiss. The only question of law in the case is whether the discontinuance of the injunction as to the $16,000, deposited to Hampden Reynolds’ personal account, dissolved the injunction against defendants from disposing of the money to accrue in the future under said contract otherwise than as agreed upon.
Under the allegations of the petition, the Hibernia Bank & Trust Company was a mere depositary to re’ceive all the monthly payments from the sewerage and water board and deposit the same to the credit of “Hampden Reynolds’ special account.” When thus deposited, the money could not be withdrawn, except by checks countersigned by the plaintiff. In October, 1913, the bank, conniving with Reynolds, permitted him to deposit $16,-308.47 to account of “Hampden Reynolds,” thus enabling Reynolds to check out the money without the knowledge and consent of the plaintiff. On these allegations the plaintiff sued out an injúnction against the bank and Reynolds, restraining them from checking out said deposit without the consent of the plaintiff, and further restraining them from manipulating the payments assigned to the bank in any manner whereby the moneys derived or to' be derived from said contract might be deposited or used in any manner other than being first placed to the credit of the “Hampden Reynolds special account.”
On a satisfactory showing by Reynolds that the sum of $16,308.47 had been used, first, in paying the bank $10,000 for money previously loaned and used for carrying out the contract with the board, and, secondly, in paying for labor, material and other necessary construction expenses, and on Reynolds’ promising to deposit in “Hampden Reynolds’ special account” all checks or moneys derived from the contract, the plaintiff moved that, “upon payment of costs by defendants,” the injunction be dissolved in so far as it affects the deposits in the account known as “Hampden Reynolds’,” but otherwise to remain in full force and effect; and it was so ordered.
Counsel for the bank filed a rule to dissolve the injunction, with 10 per cent, attorney fees, “on suggesting that, since the institution of this suit, plaintiff in injunction has voluntarily discontinued the injunction as against Hampden Reynolds, a codefendant herein, and that therefore there now exists no issue which this appearer is called to meet.”
Two days later, the plaintiff, with leave of court, withdrew the motion and order to dissolve as to the “Hampden Reynolds” account, because the defendants had not complied with the condition precedent of payment of costs.
On trial, the rule of the bank was made absolute, and several exceptions which had been filed by the same party were overruled.
The judgment is clearly erroneous. There were two accounts and two grounds of injunction. The discontinuance affected only one account and the first ground of injunction. Besides, the discontinuance was based on the condition of the payment of costs, which was never complied with.
The question is purely one of law on the face of the record. Evidence as to agreements, compromises, and other facts appertain to the merits.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that this cause be remanded for further proceedings according to law; and that the appellees pay the costs of appeal.
PROVOSTY, J., concurs in the decree. O’NIELL, X, dissents.